**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CYNTHIA PEPE,**

    **Plaintiff,**

**v.**                                                                  **No. 1:25-cv-00537-GJF-KK**

**NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS
OF SANDIA, LLC, dba SANDIA NATIONAL LABORATORIES, and
LILILANA SHELTON, in her individual and official capacities,**

    **Defendants.[1]**

<u>**ANSWER OF DEFENDANTS NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF SANDIA, LLC, and LILIANA SHELTON**</u>

COME NOW Defendants National Technology and Engineering Solutions of Sandia, LLC, ("NTESS") and Liliana Shelton, by and through their counsel Conklin, Woodcock, Ziegler & Hazlett, P.C. (John Ziegler, Carol Dominguez Shay, and Taylor Hartstein) and for their Answer state as follows:

1.    Defendants admit the allegations in Paragraph 1.

2.    Defendants admit that Ms. Shelton lives in New Mexico and that NTESS does business in New Mexico.  All other allegations in Paragraph 2 are denied.

3.    Defendants admit the allegations in Paragraph 3.

4.    Defendants admit that this Court has subject matter jurisdiction over the case.  All other allegations in Paragraph 4 are denied.

5.    Defendants admit that the Court has personal jurisdiction over them and that NTESS does business in New Mexico.  All other allegations in Paragraph 5 are denied.

---

[1] Plaintiff misspells Ms. Shelton's first name in the caption.  The correct spelling is "Liliana," which Defendants will use elsewhere.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants admit that Plaintiff filed an EEOC charge against NTESS containing some but not all of the allegations in the Complaint and that NTESS received a Determination and Notice of Rights signed March 7, 2025.  Defendants are without information regarding the date Plaintiff received any correspondence from the EEOC and therefore deny that and all other allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9.

10.     Defendants are without information regarding Plaintiff's current medical conditions and therefore deny the allegations in Paragraph 10.

11.     Paragraph 11 asserts legal conclusions and is based on facts not provided, and to the extent a response is called for at this time, Defendants deny the allegations.

12.     Defendants assert that NTESS's ratings system speaks for itself.  Defendants therefore deny the allegations in Paragraph 12.

13.     Defendants are without information regarding Plaintiff's usage of medications and therefore deny the allegations in Paragraph 13.

14.     Defendants are without information regarding when Plaintiff used medications, when precisely she was taking coursework, and when she considers herself to have been a high performer.  Defendants therefore deny the allegations in Paragraph 14.

15.     Defendants admit that on or about May 8, 2020, NTESS promoted Plaintiff into management.  Defendants deny the remaining allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.    Defendants admit that Design Engineering has moved centers, and the remaining allegations in Paragraph 17 are denied.

18.    Defendants deny the allegations in Paragraph 18.

19.    Defendants deny the allegations in Paragraph 19.

20.    Defendants deny the allegations in Paragraph 20.

21.    Defendants deny the allegations in Paragraph 21.

22.    Defendants are without information as to when Pepe began counseling.  Therefore, Defendants deny the allegations in Paragraph 22.

23.    Defendants deny the allegations in Paragraph 23.

24.    Defendants admit that on September 14, 2023, Plaintiff sent Ms. Shelton and others an email saying that she had a panic attack and associated chest pain.  Defendants deny all other allegations in Paragraph 24.

25.    Defendants admit that on September 14, 2023, Plaintiff sent Ms. Shelton and others an email saying that she had a panic attack and associated chest pain. She felt confident it was simply a result of how she internalized recent stress.  Plaintiff mentioning having been bitten by a dog and being rear-ended in the last week.  Defendants deny all other allegations in Paragraph 25.

26.    Defendants deny that NTESS never provided Plaintiff with an FMLA eligibility notification, that the ADA or FMLA requires Defendants to have made recommendations, and all other allegations in Paragraph 26.

27.    Defendants deny the allegations in Paragraph 27.

28.    Defendants deny the allegations in Paragraph 28.

29.    Defendants admit that on October 3, 2023, Plaintiff and Nayeli Perez met regarding mentorship.  Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants admit that Ms. Shelton and Emily Doty met with Plaintiff on October 26, 2023 to discuss her performance review.

31.     Defendants admit that Plaintiff was presented with a Performance Expectation Plan ("PEP").  Defendants deny all other allegations in Paragraph 31.

32.     Defendants admit that any disability Plaintiff had was not the cause of the PEP. Defendants deny all other allegations in Paragraph 32.

33.     Defendants state that the term "timeline" is vague and they are without sufficient information to admit or deny the allegations in Paragraph 33 and therefore, deny same.

34.     Defendants admit that before the PEP, Ms. Shelton had approved a travel opportunity for Plaintiff to Nevada.  Defendants deny all other allegations in Paragraph 34.

35.     In response to Paragraph 35, Defendants admit that after the PEP but before the date of the travel, Lani Sanders expressed concerned about why an employee presented with a PEP was travelling and that Plaintiff was told of this; however, Defendants deny that the purpose of the trip was "training" and are without sufficient information to admit or deny the date of this conversation and therefore, deny same.

36.     In response to Paragraph 36, Defendants admit that Plaintiff told Ms. Shelton that her husband was scheduled to travel with her to Las Vegas, but deny that Plaintiff told Ms. Shelton that this "would cause greater disruption."

37.     Defendants admit that Plaintiff was initially allowed to travel to Nevada, but deny all other allegations in Paragraph 37.

38.     Defendants admit the allegations in Paragraph 38.

39.     Defendants admit that Nayeli Perez expressed concerns about Plaintiff's ability to meet the PEP deliverables, but deny the remaining allegations in Paragraph 39.

40.    Defendants admit the allegations in Paragraph 40.

41.    Defendants are without sufficient information regarding the allegations in Paragraph 41 and therefore deny same.

42.    Defendants deny the allegations in Paragraph 42.

43.    Defendants deny the allegations in Paragraph 43.

44.    Defendants deny the allegations in Paragraph 44.

45.    Defendants admit the allegations in Paragraph 45.

46.    Defendants deny the allegations in Paragraph 46.

47.    Defendants admit that Ms. Shelton did discuss the Nevada trip and Ms. Sanders' perceived reactions to the trip, but deny the remaining allegations in Paragraph 47.

48.    Defendants admit the allegations in Paragraph 48.

49.    Defendants admit that Plaintiff returned to New Mexico from Nevada, but deny the remaining allegations in Paragraph 49.

50.    Defendants admit the allegations in Paragraph 50.

51.    Defendants admit that Ms. Shelton sent an email to Plaintiff on November 1, 2023 regarding Plaintiff's trip to Nevada and state that the email speaks for itself. Defendants deny all remaining allegations in Paragraph 51.

52.    Defendants admit that Plaintiff did not grasp the severity of the situation and deny the remaining allegations in Paragraph 52.

53.    Defendants admit that Plaintiff and Ms. Shelton met on November 2, 2023, but deny the remaining allegations in Paragraph 53.

54.    Defendants deny the allegations in Paragraph 54.

55.     Defendants admit that Ms. Shelton did not meet with Plaintiff on December 26, 2024 because it was a holiday for Sandia. Defendants deny all other allegations in Paragraph 55.

56.     Defendants admit that Ms. Shelton was out of town and therefore did not hold an in-person meeting with Plaintiff on November 21, 2023 but deny the remaining allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 58 and therefore deny same.

59.     Defendants admit that Ms. Shelton sent Plaintiff an email on November 15, 2023, and state that the email speaks for itself.  Defendants deny the remaining allegations in Paragraph 59.

60.     Defendants admit that Ms. Shelton sent Plaintiff an email on November 15, 2023, and state that the email speaks for itself.  Defendants deny the remaining allegations in Paragraph 60.

61.     Defendants are without information regarding the allegations in Paragraph 61 therefore deny same.

62.     Defendants admit that on November 15, 2023, Sandia learned that Plaintiff needed leave beginning that day and that the leave might have been for an FMLA qualifying reason.  To the extent there are other allegations in Paragraph 62, Defendants deny them.

63.     Defendants admit that on November 15, 2023, Plaintiff supplied Sandia with a Physician's Certificate of Injury/Illness and that the next day Sandia provided Plaintiff with both a Notice of Eligibility & Rights and Responsibilities and a Designation Notice under the Family

and Medical Leave Act.  To the extent there are other allegations in Paragraph 63, Defendants deny them.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants admit that Ms. Shelton and Plaintiff exchanged several emails on November 16, 2023 and that these emails speak for themselves. Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants admit the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants admit that Plaintiff and Ms. Shelton exchanged emails on November 29, 2023 and state that the email speaks for itself. Defendants deny the remaining allegations in Paragraph 68.

69.     Defendants admit that Ms. Shelton asked a manager to let Plaintiff know that she was waiting for Plaintiff to join a meeting, but deny the remaining allegations in Paragraph 69.

70.     Defendants are without sufficient information regarding the allegations in Paragraph 70, and therefore deny them.

71.     Defendants admit the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants admit that Sandia presented Plaintiff with a Reclassification memo dated November 30, 2023.  Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants admit that on November 30, 2023, Plaintiff wrote an email referencing the phrase "champion of my wellness," but state that the email speaks for itself.  Defendants deny the remaining allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants admit that on November 30, 2023, Plaintiff sent an email to Ms. Shelton and Emily Davis regarding "high stress situations," but state that the email speaks for itself. Defendants deny the remaining allegations in Paragraph 78.

79.     Defendants admit that on November 30, 2023, Plaintiff sent an email to Ms. Shelton and Emily Doty and state that the email speaks for itself. Defendants deny the remaining allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants admit that Plaintiff did not sign the Reclassification memo.  Defendants deny the remaining allegations in Paragraph 81.

82.     Defendants admit that Plaintiff and Ms. Shelton exchanged emails on December 1, 2023, regarding FMLA and state that the emails speak for themselves. Defendants deny the remaining allegations in Paragraph 82.

83.     Defendants admit that Emily Doty sent Plaintiff an email on December 1, 2023 and that the email speaks for itself. Defendants deny the remaining allegations in Paragraph 83.

84.     Defendants admit the allegations in Paragraph 84.

85.     Defendants admit that Plaintiff wrote a "Memo of Understanding-Reclassification," the stated purpose of which was "to document my decision process to step down from my role as a Manager."  Defendants deny the remaining allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.    Defendants deny the allegations in Paragraph 87.

88.    Defendants deny the allegations in Paragraph 88.

89.    Defendants admit that on December 5, 2025, Plaintiff sent an email stating that she had consulted with an attorney and referencing the Reclassification Memo sent by Emily Doty, but state that the email speaks for itself. Defendants deny the remaining allegations in Paragraph 89.

90.    Defendants admit the allegations in Paragraph 90.

91.    Defendants admit that Ms. Shelton received Plaintiff's "Memo of Understanding-Reclassification" and that on December 8, 2023, Ms. Shelton acknowledged Plaintiff's disclosure of legal advice and that Plaintiff had previously indicated she would consider a lateral transfer. Defendants deny the remaining allegations in Paragraph 91.

92.    Defendants admit the allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93.

94.    Defendants admit the allegations in Paragraph 94, except the allegation about the date, which Defendants deny.

95.    Defendants admit the allegations in Paragraph 95.

96.    Defendants admit that on December 13, 2023, Ms. Shelton sent an email to Plaintiff referencing Haiqing Schwarz, but state that the email speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 96.

97.    Defendants deny the allegations in Paragraph 97.

98.    Defendants admit the allegations in Paragraph 98.

99.    In response to Paragraph 99, Defendants state that Plaintiff sent an email to Robert Velasquez on January 10, 2024 regarding her communications with Emily Doty. Defendants deny the remaining allegations and characterizations in Paragraph 99.

100.    Defendants admit that Plaintiff's counsel sent a letter to Sandia dated January 2, 2024.  Defendants deny the remaining allegations in Paragraph 100.

101.    Defendants admit that on January 1, 2024, Plaintiff was given two more weeks to apply for alternative positions.  Defendants deny the remaining allegations in Paragraph 101.

102.    Defendants admit that on December 15, 2023, Plaintiff moved from managing Org. 2963 to managing Org. 2960.  Defendants deny the remaining allegations and characterizations in Paragraph 102.

103.    Defendants admit that Plaintiff applied for other positions at Sandia.  Defendants deny the remaining allegations and characterizations in Paragraph 103.

104.    Defendants admit the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants admit that Plaintiff and Carl Rhinehart talked on February 6, 2024.  Defendants deny the remaining allegations in Paragraph 106.

107.    Defendants admit that Plaintiff told Mr. Rhinehart about information she learned regarding the pension.  Defendants deny any remaining allegations in Paragraph 107.

108.    Defendants are without information regarding the allegations in Paragraph 108 and therefore deny them.

109.    Defendants are without information regarding the allegations in Paragraph 109 and therefore deny them.

110.    Defendants admit that medically necessary portable electronic devices such as a Holter monitor require approval for use inside some areas at Sandia.  Defendants deny the remaining allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants admit that Plaintiff requested FMLA leave from February 19 to March 5, 2024, but deny the remaining allegations and characterizations in Paragraph 113.

114.    Defendants admit that Plaintiff was out from February 19 to March 5, 2024. Defendants are without information regarding the remaining allegations in Paragraph 114 and therefore deny them.

115.    Defendants admit that Plaintiff sent an email to Ms. Shelton on March 7, 2024, but state that the email speaks for itself. Defendants deny the remaining allegations in Paragraph 115.

116.    Defendants admit that Ms. Shelton sent an email to Plaintiff and Amy Scott on March 7, 2023 regarding Plaintiff's "FMLA accommodation," but state that the email speaks for itself and deny the remaining allegations in Paragraph 116.

117.    Defendants admit the allegations in Paragraph 117.

118.    Defendants admit that on March 7, 2024, Ms. Scott sent Ms. Shelton and Plaintiff an email regarding the interactive process, but state that the email speaks for itself. Defendants cannot speculate as to what "Plaintiff was left believing" and deny the remaining allegations in Paragraph 118.

119.    Defendants admit that Ms. Scott, Ms. Shelton, and Plaintiff met on or about March 8, 2024 and that Sandia interacted with Plaintiff, but deny all remaining allegations in Paragraph 119.

120.    Defendants admit that Plaintiff wanted to work at home on Fridays, but deny all remaining allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 122 and therefore deny same.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    In response to Paragraph 125, Defendants state that Ms. Shelton did check on Plaintiff but are without sufficient information to admit or deny the remaining allegations in paragraph 125 and therefore deny same.

126.    Paragraph 126 is commentary and does not contain any allegations. However, to the extent any allegations are made, they are denied.

127.    Defendants admit that Plaintiff withdrew her request for accommodation but are without sufficient information to admit or deny the remaining allegations in Paragraph 127 and therefore deny same.

128.    Defendants admit that Ms. Doty responded to Plaintiff regarding her December 4, 2023 "Memo of Understanding," but deny that the response was on April 10, 2024 and state that the email response speaks for itself. Defendants deny the remaining allegations in Paragraph 128.

129.    Defendants admit that Plaintiff told Ms. Shelton that she had a medical appointment and that she would be gone for a period of time, but are without sufficient information to admit or deny the remaining allegations in Paragraph 129 and therefore deny same.

130.    Defendants admit that Ms. Doty sent Plaintiff an email on May 13, 2024 regarding her designated timeline for finding a new job within Sandia, but state that the email speaks for itself. Defendants deny all remaining allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 132 and therefore deny same.

133.    Defendants are without sufficient information to admit or deny what Plaintiff characterizes as "consistently been highly rated" and therefore deny same.

134.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 133 and therefore deny same.

135.    Defendants deny the allegations in paragraph 135.

## **RESPONSE TO "COUNT I: FMLA INTERFERENCE"**

136.    In response to paragraph 136, Defendants incorporate by reference all preceding paragraphs as though fully set forth herein.

137.    Paragraph 137 states a legal conclusion and purports to quote a law, and no response is required. To the extent a response is required, Defendants state that the law speaks for itself, and any factual allegations are denied.

138.    Paragraph 138 states a legal conclusion and purports to quote a law, and no response is required. To the extent a response is required, Defendants state that the law speaks for itself, and any factual allegations are denied.

139.    Paragraph 139 states a legal conclusion and purports to quote a law, and no response is required. To the extent a response is required, Defendants state that the law speaks for itself, and any factual allegations are denied.

140.    Paragraph 140 states a legal conclusion and purports to quote a law, and no response is required. To the extent a response is required, Defendants state that the law speaks for itself, and any factual allegations are denied.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

## **RESPONSE TO "COUNT II: FMLA RETALIATION"**

152.    In response to Paragraph 152, Defendants incorporate by reference all preceding paragraphs as though fully set forth herein.

153.    Paragraph 153 states a legal conclusion and purports to quote a law, and no response is required. To the extent a response is required, Defendants state that the law speaks for itself, and any factual allegations are denied.

154.    Paragraph 154 states a legal conclusion and purports to quote a law, and no response is required. To the extent a response is required, Defendants state that the law speaks for itself, and any factual allegations are denied.

155.    Paragraph 155 states a legal conclusion and purports to quote a law, and no response is required. To the extent a response is required, Defendants state that the law speaks for itself, and any factual allegations are denied.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159 and specifically deny that Plaintiff's employment was terminated.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants deny the allegations in Paragraph 163.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in Paragraph 165.

166.    Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

### RESPONSE TO "COUNT III: VIOLATION OF THE ADA"

168.    In response to Paragraph 168, Defendants incorporate by reference all preceding paragraphs as though fully set forth herein.

169.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 169 and therefore deny same.

170.    Paragraph 170 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

171.    Defendants deny the allegations in Paragraph 171.

172.    Defendants deny the allegations in Paragraph 172.

173.    Defendants deny the allegations in Paragraph 173.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants deny the allegations in Paragraph 175.

176.    Defendants deny the allegations in Paragraph 176.

177.    Defendants deny the allegations in Paragraph 177.

178.    Defendants deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179.

180.    Defendants deny the allegations in Paragraph 180.

181.    Defendants deny the allegations in Paragraph 181.

182.    Defendants deny the allegations in Paragraph 182.

183.    Defendants deny the allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184.

185.    Defendants deny the allegations in Paragraph 185.

186.    Defendants deny the allegations in Paragraph 186.

187.    Defendants deny the allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that they violated the law in any manner, deny the Prayer for Relief, and deny that Plaintiff is entitled to relief of any type.

## FIRST DEFENSE: GENERAL DENIAL

Defendants deny the allegations of all numbered paragraphs in the Complaint and the Prayer for Relief not specifically admitted above.

## SECOND DEFENSE

There were legitimate, non-retaliatory business reasons for all actions taken with respect to Plaintiff.

## THIRD DEFENSE

All actions were justified and/or privileged, any actions were made in good faith, pursuant to bona fide legitimate business rights, reasons, purposes, or privileges, and there was no improper motive, improper means, wrongful act, or intent to injure Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred or limited by waiver, estoppel, unclean hands, bad faith, modification, novation, lack of privity and/or laches.

## FIFTH DEFENSE

The Complaint fails to state a claim in whole or in part upon which relief may be granted.

## SIXTH DEFENSE

Depending on discovery, the claims may be barred in whole or in part by Plaintiff's failure to mitigate her alleged damages.

## SEVENTH DEFENSE

To the extent Plaintiff alleges emotional distress, it was a result of independent, intervening causes unrelated to Plaintiff's employment or was the result of Plaintiff's own conduct.

## EIGHTH DEFENSE

Plaintiff's actions were not undertaken in good faith.

## NINTH DEFENSE

Plaintiff's damages claims may be barred in whole or in part by other causes, contributing factors and circumstances, proximate causes, and/or independent and intervening causes, including all acts and conduct of Plaintiff.

## TENTH DEFENSE

To the extent Plaintiff seeks punitive damages, special damages, or damages for emotional distress, these damages are not recoverable under the FMLA or ADA.

## ELEVENTH DEFENSE

Plaintiff's claims and damages may be barred, or limited, by the provisions, limitations periods, and requirements of the ADA, by Plaintiff's failure to satisfy, exhaust and comply with the administrative requirements, and by the Court's lack of jurisdiction over the claims.

## TWELFTH DEFENSE

Defendants deny the existence of any acts that would warrant an award of punitive damages and did not authorize, ratify or participate in any conduct that would warrant the imposition of punitive damages, and an award of such damages would violate the New Mexico Constitution and United States Constitution.

## THIRTEENTH DEFENSE

Plaintiff is not an individual with a physical or mental handicap or a serious medical condition; she is not otherwise qualified; her condition does not substantially limit any major life activity or render her unable to perform any major life activity; her condition may be temporary and/or not a handicap or a serious medical condition; she is not regarded as an individual with a handicap or serious medical condition or have a record of a handicap or serious medical condition; and/or she was able to perform the essential functions of her position with or without reasonable accommodation and/or no reasonable accommodations were requested or refused.

**FOURTEENTH DEFENSE**

There is no casual connection between Plaintiff's alleged disability, serious medical condition or alleged protective actives and any employment action taken against her.

**FIFTEENTH DEFENSE**

Depending on discovery, Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence doctrine or defense.

**SIXTEENTH DEFENSE**

Defendants did not take any adverse employment actions against Plaintiff in the terms and conditions of her employment because she allegedly engaged in protected activity.

**SEVENTEENTH DEFENSE**

Any and all actions taken by the Defendants against Plaintiff were due to her misconduct and unrelated to conduct prohibited under the FMLA, and retaliatory action was not a motivating factor.

**EIGHTEENTH DEFENSE**

Plaintiff may have requested leave under the FMLA for unjustified reasons.

**NINTEENTH DEFENSE**

Plaintiff may have failed to provide sufficient notice of her request for leave under the FMLA.

**TWENTIETH DEFENSE**

Defendants did not retaliate against, or interfere with, Plaintiff's FMLA rights.

**TWENTY-FIRST DEFENSE**

Plaintiff was not eligible for FMLA leave.

## <u>TWENTY-SECOND DEFENSE</u>

Defendants hereby give notice that they intend to rely upon any other defense that may be applicable or appear during the proceedings in this case and hereby reserves its right to amend its Answer to assert such defense(s).

WHEREFORE, having fully answered, Defendants request that the Complaint be dismissed with prejudice, that the Court award the Defendants its costs and attorney's fees incurred herein, and that the Court award such further relief as may be just and proper.

Respectfully Submitted,

CONKLIN, WOODCOCK, ZIEGLER & HAZLETT, P.C.

*/s/ John K. Ziegler*
Carol Dominguez Shay
John K. Ziegler
320 Gold Ave. SW
Albuquerque, NM 87102
Phone (505) 224-9160
Fax (505) 224-9161
cds@conklinfirm.com
jkz@conklinfirm.com
*Attorneys for Defendants National Technology and Engineering Solutions of Sandia, LLC and Liliana Shelton*

20

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 11th day of August 2025, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ John K. Ziegler*
John K. Ziegler