**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**Before the Honorable Kirtan Khalsa
United States Magistrate Judge**

**Minutes**

*Pepe v. National Technology & Engineering Solutions of Sandia, LLC, et al.*

Civ. No. 25-0537 GJF/KK

Wednesday, August 13, 2025, at 10:30 a.m.

**PLAINTIFF'S ATTORNEY PRESENT:**    **Heather C. Burke**

**DEFENDANTS' ATTORNEYS PRESENT:**  **Carol Dominguez Shay**

**TYPE OF PROCEEDING:**    Telephonic Rule 16 Initial Scheduling Conference
Time – 27 minutes

**MINUTES:**

- The Court and counsel discussed the appropriate discovery track for this case. Sandia National lab closes for a number of weeks over the holidays and reopens January 5, 2025, and hence Defendants' request for discovery ending in March.  Because Ms. Burke will be preparing for and in trial during the first half of March, she prefers discovery to end either before March or in April.  After some discussion, the parties and the Court agreed to set a 240-day discovery track and the parties understand that they will need to show exceptionally good cause to obtain an extension of discovery given this lengthy track.

- The Court will set the following case management deadlines by separate order:  Plaintiff to seek leave to join parties and amend pleadings by October 13, 2025; Defendants to seek leave to join parties and amend pleadings by November 11, 2025; Plaintiff's expert witness disclosures due by December 30, 2025; Defendants' expert witness disclosures due by January 30, 2026; discovery to be completed by April 10, 2026; discovery motions to be filed by April 30, 2026; and, pretrial motions to be filed by May 11, 2026.

- Supplementation under Rule 26(e)(1) is due in a timely manner but no later than within twenty-one (21) days of learning of the need to supplement, until the close of discovery, after which supplementation is due as soon as possible but no later than seven (7) days after learning of the need to supplement.

- The Court and counsel discussed discovery limitations and the Court will adopt the discovery limitations the parties proposed in their JSR.

- The Court and counsel discussed the scheduling of a settlement conference. The Court and counsel are available and counsel will reserve February 17, 18, 19, and March 23, 24, and 25, 2026.

Counsel shall confer with their respective clients and by close of business August 22, 2025, notify the Court via email to Judge Khalsa's proposed text box of all available and any preferred dates among those being reserved.

- The Court asked counsel if they have any concerns regarding the parties' initial disclosures. Plaintiff has not provided initial disclosures including her list of treating providers and medical records release authorizations as required by the local rules.  Plaintiff is out of the country and is instructed to provide her initial disclosures no later than August 29, 2025.  Ms. Burke affirmed that Plaintiff will comply with this deadline.

- The Court advised counsel to review the guidelines for proposed confidentiality orders (located on the Court's website under the "Procedures" link on Judge Khalsa's webpage) before submitting such orders to chambers.

- Ms. Shay addressed that Ms. Shelton has been sued in both her individual and official capacities. Ms. Requests that Plaintiff voluntarily dismiss her claims against Ms. Shelton in her official capacity because Sandia has also been sued and the official capacity claim is thus duplicative. Ms. Burke indicated that Plaintiff may be amendable to voluntarily dismissing the official capacity claim(s) but Ms. Burke will need to confer with Plaintiff when she returns from her out-of-country trip and then advise Ms. Shay.  The parties have agreed to confer on this matter prior to the filing of any motion to attempt to reach agreement.