IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA PEPE,

     Plaintiff,

v.                                  Case No. 1:25-cv-00537-GJF-LF

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA, LLC et al.,

     Defendants.

**ORDER DENYING PLAINTIFF'S
<u>MOTION TO QUASH EXPERT SUBPOENAS AS MOOT</u>**

THIS MATTER is before the Court on plaintiff Cynthia Pepe's Motion to Quash Expert

Subpoenas, filed May 1, 2026.  Doc. 89.  Defendants National Technology and Engineering

Solutions of Sandia, LLC and Liliana Shelton filed their response in opposition to the motion on

May 15, 2026.  Doc. 98.  Petitioner filed her reply brief in support of the motion on May 29,

2026, Doc. 106, and briefing was complete on the motion the same day, Doc. 107.  Having

reviewed the briefing, the law, and otherwise being fully advised, the Court denies the motion as

moot for the following reasons.

**BACKGROUND**

On April 14, 2026, Defendants issued two subpoenas, one to each of Plaintiff's experts,

and the subpoenas required production of certain documents by 5:00 a.m. on May 1, 2026.  Doc.

89 at 2; Doc 89-1 at 2, 5–6; Doc. 89-2 at 2, 5–6.  Plaintiff sent objections to the subpoenas to

Defendants on April 30, 2026, and then filed a motion to quash the subpoenas on May 1, 2026.

Doc. 89 at 2.  Defendants responded to the motion on May 15, 2026, arguing in part that the

motion is moot because Defendants do not seek to enforce the subpoenas.  Doc. 98 at 4–5.  The

deadline for the parties to file discovery motions expired on April 30, 2026.  Doc. 69 at 10.  To date, Defendants have not moved the Court for an order compelling compliance with the subpoenas.  *See* FED. R. CIV. P. 45(d)(2)(B)(i).

## ANALYSIS

"Rule 45 subpoenas are discovery devices subject to the Court's scheduling order as well as applicable rules of procedure."  *Taylor v. Grisham*, No. 1:20-cv-00267-JB-JHR, 2020 WL 3172708, at *1 (D.N.M. June 15, 2020).  A motion to enforce a Rule 45 subpoena will be denied as untimely if filed after the deadline for filing discovery motions.  *See Miller v. Miller*, No. 1:08-cv-00673-BB-LFG, 2009 WL 10707116, at *2 (D.N.M. July 29, 2009).  Where a subpoena is found unenforceable, a motion to quash that subpoena is moot.  *See Bays Expl., Inc. v. Pensa, Inc.*, No. CIV-07-0754-D, 2009 WL 10674502, at *4 (W.D. Okl. Aug. 20, 2009) (finding a motion to quash a subpoena moot where the party issuing the subpoena did not move to compel compliance with the subpoena).

The deadline for filing motions relating to discovery was April 30, 2026.  Doc. 69 at 10.  Defendants stated that they had no plans to enforce their subpoenas, Doc. 98 at 4–5, and they did not file a motion to compel compliance with those subpoenas by the discovery motion deadline.  The expiration of the discovery motion deadline forecloses Defendants from moving the Court to compel Plaintiff's experts to comply with their subpoenas.  *See Miller*, 2009 WL 10707116, at *2.  Defendants' subpoenas are thus unenforceable, and Plaintiff's motion to quash those subpoenas accordingly is moot.  *See Bays Expl., Inc*, 2009 WL 10674502, at *4.  Because the motion is denied as moot, the Court declines to award attorney's fees.  *See Woodall v. W. Express, Inc.*, 1:23-cv-00862-LF-JMR, 2024 WL 6043588, at *1 (D.N.M. Oct. 15, 2024) (declining to award attorney's fees for a motion denied as moot).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Quash Expert Subpoenas (Doc. 89) is

DENIED AS MOOT.

IT IS SO ORDERED.

_____

Laura Fashing
United States Magistrate Judge

3