IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA PEPE,

Plaintiff

v. Case No. 1:25-cv-00537-GJF-LF

NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS OF SANDIA, LLC et al.,

Defendants.

**ORDER**

THIS MATTER is before the Court on Plaintiff Cynthia Pepe's Second Motion to Compel Discovery (Doc. 88), Third Motion to Compel Discovery and for Sanctions (Doc. 105), Motion for Leave to File Reply in Support of Third Motion to Compel Out of Time (Doc. 124), and Motion for Leave to File in Excess of Page Limits for Her Reply in Support of Third Motion to Compel (Doc. 125). The Court held a hearing on these motions[1] on August 5, 2026. *See* Doc. 148. For the reasons stated at the hearing, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Second Motion to Compel (Doc. 88) and DENIES Plaintiff's Third Motion to Compel (Doc. 105). The Court also GRANTS Plaintiff's Motion for Leave to File Reply (Doc. 124) and Motion for Leave to File in Excess of Page Limits (Doc. 125).

**I. The Court grants in part and denies in part Plaintiff's Second Motion to Compel Discovery (Doc. 88).**

For the reasons stated at the hearing, the Court grants in part and denies in part Plaintiff's Second Motion to Compel Discovery. *See* Doc. 148 at 2. No later than **August 26, 2026**:

[1] The hearing also addressed Defendants' Motion to Strike Plaintiff's Third Motion to Compel (Doc. 110) and Plaintiff's Amended Motion for Leave to File a Response Out of Time (Doc. 122). The Court has taken those motions under advisement.

- Defendants shall amend their response to Interrogatory No. 23 to clarify whether a replacement was hired for Plaintiff's position in Organization 2960;
- Defendants shall produce responsive materials to Request for Production No. 13 dating back to October 1, 2022;
- Defendants shall amend their response to Request for Production No. 15 to clarify whether Defendants have produced all documents responsive to that request.

No later than **August 31, 2026**, Plaintiff shall notify Defendants whether any specific policies responsive to Request for Production No. 15 have not been produced. The Court will not award reasonable expenses to any party related to Plaintiff's Second Motion to Compel. *See* FED. R. CIV. P. 37(a)(5)(C).

## II. The Court GRANTS Plaintiff's Motions for Leave to File Reply Out of Time (Doc. 124) and Motion for Leave to File Excess Pages (Doc. 125).

Defendants filed a response in opposition to Plaintiff's Third Motion to Compel on June 12, 2026, *see* Doc. 111, and Plaintiff's reply brief was due by June 26, 2026. Plaintiff did not file a reply brief by that date, but on Sunday, June 28, 2026, Plaintiff filed motions for leave to file a late reply in excess of page limits. Docs. 124, 125. Defendants oppose those motions. *See* Doc. 131.

Courts may extend deadlines after they have passed "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Courts consider four factors in determining whether a party has shown excusable neglect: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The third factor is most important, and "an inadequate

explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Id.* The Court will address the third factor last.

As to the first factor, the prejudice to Defendants is minimal because Plaintiff filed her reply two calendar days after the deadline and before the next business day following the deadline. Regarding the second factor, the length of delay was only a few calendar days, and Plaintiff filed her motion for leave to file a late reply before the next business day following her reply deadline. As to the fourth factor, Plaintiff's late filing does not appear to be the result of willful bad faith. Plaintiff's counsel states that she mistakenly calendared the deadline for July 29 rather than July 27, and that she "immediately prepared and finalized" her late reply and motion for leave to file that reply out of time upon discovering her mistake. Doc. 124 at 4.

When considering the third and most important factor, the "court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct [her] action promptly after discovering the mistake." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005). Plaintiff's counsel acknowledges that this is not her first late filing in this matter, Doc. 123 at 4, but as explained above, Plaintiff promptly filed her motion for leave to file her late reply promptly upon discovering her mistake. The Court therefore will weigh this factor in Plaintiff's favor, though Plaintiff should be warned that any further late filings in this matter may constitute an inexcusable pattern of delay. *See Jennings*, 394 F.3d at 857. The Court accordingly grants Plaintiff's Motion for Leave to File Reply (Doc. 124) and Motion for Leave to File Excess Pages (Doc. 125).

**III. The Court denies Plaintiff's Third Motion to Compel (Doc. 105).**

For the reasons stated at the hearing, the Court denies Plaintiff's Third Motion to Compel as untimely and noncompliant with the meet and confer requirements of Federal Rule of Civil Procedure 37(a)(1) and this District's Local Rule 7.1(a). Doc. 148 at 2–3. However, at the hearing, the Court ordered Defendants to comply with the Court's April 8, 2026, order (Doc. 69) by looking for and producing in native format "emails from Carl Rhinehart forwarding/copying/transferring the emails in Exhibits 5 and 6 to anyone else" no later than August 26, 2026. Doc. 148 at 3–4. If Defendants are unable to locate any such emails, they must state what efforts they made to locate the emails and the fact that no emails were found in a supplemental response.

**IV. Defendants may file a motion for reasonable expenses incurred in responding to most of Plaintiff's Third Motion to Compel.**

When a court denies a motion to compel discovery, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B). As the Court has denied Plaintiff's Third Motion to Compel, Defendants may file a motion for reasonable expenses incurred in opposing the motion no later than August 26, 2026. *See* Doc. 148 at 4. However, Defendants must discount the reasonable expenses they incurred in responding to Plaintiff's request for full production of emails pursuant to the Court's April 8, 2026, order, *see* Doc. 105 at 2–6, and specify in their motion how those expenses were discounted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Second Motion to Compel (Doc. 88) and DENIES Plaintiff's Third Motion to Compel (Doc. 105). The Court also GRANTS Plaintiff's Motion for Leave to File Reply (Doc. 124) and Motion for Leave to File in Excess of Page Limits (Doc. 125). No later than **August 26, 2026**, Defendants shall

(1) amend their response to Interrogatory No. 23 to clarify whether a replacement was hired for Plaintiff's position in Organization 2960;

(2) produce responsive materials to Request for Production No. 13 dating back to October 1, 2022;

(3) amend their response to Request for Production No. 15 to clarify whether Defendants have produced all documents responsive to that request; and

(4) produce any emails from Carl Rhinehart forwarding/copying/transferring the emails in Plaintiff's Exhibits 5 and 6 (Docs. 105-5, 105-6) to anyone else.

Plaintiff shall have until **August 31, 2026**, to notify Defendants of any specific policies responsive to Request for Production No. 15 that Defendants have not produced by the August 26 deadline.

No later than **August 26, 2026**, Defendants may file a motion for reasonable expenses incurred in responding to Plaintiff's third motion to compel but must specify in their motion how expenses incurred responding to Plaintiff's request for full production of emails pursuant to the Court's April 8, 2026, order were discounted. Plaintiff may file a response to the motion for reasonable expenses no later than **September 9, 2026**. Defendants may file an optional reply in support of their motion for reasonable expenses no later than **September 16, 2026.**

IT IS SO ORDERED.

Laura Fashing
United States Magistrate Judge