IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA PEPE,

Plaintiff

v. Case No. 1:25-cv-00537-GJF-LF

NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS OF SANDIA, LLC et al.,

Defendants.

**MEMORANDUM OPINION & ORDER**

THIS MATTER is before the Court on defendants National Technology and Engineering Solutions of Sandia, LLC and Liliana Shelton's Motion to Strike Third Motion to Compel and for Sanctions (Doc. 110) and plaintiff Cynthia Pepe's Amended Motion for Leave to File Response Out of Time (Doc. 123). For the following reasons, the Court DENIES Defendants' Motion to Strike and for Sanctions and GRANTS Plaintiff's Amended Motion for Leave to File Response Out of Time.

**BACKGROUND**

On May 29, 2026, Plaintiff filed her third motion to compel discovery from Defendants. *See* Doc. 105. In addition to filing a response in opposition to the motion, Defendants filed a motion to strike the third motion to compel. *See* Doc. 110. Plaintiff did not file a response in opposition by the June 25, 2026, deadline, and instead moved to file a late response on June 28, 2026. *See* Docs. 122, 123. The Court held a hearing on these motions, among others, on August 5, 2026, and took them under advisement. Doc. 148 at 4. The Court will first address Plaintiff's motion for leave to file a late response before addressing the motion to strike.

## ANALYSIS

### I. The Court grants Plaintiff's Amended Motion for Leave to File Plaintiff's Response in Opposition to Defendants' Motion to Strike (Doc. 123).

Courts may extend deadlines after they have passed "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Courts consider four factors in determining whether a party has shown excusable neglect: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The third factor is most important, and "an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Id.* The Court will address the third factor last.

As to the first factor, Defendants argue they will be prejudiced by the late filing because of the then-impending pretrial and trial deadlines. Doc. 130 at 2. This matter was set for trial in November 2026 with pretrial deadlines beginning September 2026, *see* Doc. 28, but the Court has since vacated those dates and deadlines pending a ruling on Defendants' motion for summary judgment, Doc. 137 at 1–2. As to the second factor, Plaintiff filed her motion for leave to file a late response before the next business day following her response deadline. As to the fourth factor, Plaintiff's late filing does not appear to be the result of willful bad faith. Plaintiff's counsel states that she mistakenly calendared the deadline for July 29, and that she "immediately prepared and finalized" her late reply and motion for leave to file that reply out of time upon discovering her mistake. Doc. 123 at 4.

When considering the third and most important factor, the "court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct [her] action promptly after discovering the mistake." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005). Plaintiff's counsel acknowledges that this is not her first late filing in this matter, Doc. 123 at 4, but as explained above, Plaintiff filed her motion for leave to file her late reply promptly upon discovering her mistake. The Court therefore will weigh this factor in Plaintiff's favor, though Plaintiff should be warned that further late filings in this matter may constitute an inexcusable pattern of delay. *See Jennings*, 394 F.3d at 857. The Court accordingly grants Plaintiff's Amended Motion for Leave to File Response Out of Time (Doc. 123).

**II. The Court denies Defendants' Motion to Strike Plaintiff's Third Motion to Compel (Doc. 110).**

Defendants argue that Plaintiff's motion should be stricken from the record on two separate grounds: (1) failure to comply with the Local Rules of Civil Procedure for the District of New Mexico ("Local Rules"), and (2) because Plaintiff attached exhibits to her motion in contravention of the Court's previous rulings. The Court will address each argument in turn.

A. <u>The Court will not strike the motion for failure to comply with the Local Rules.</u>

The Local Rules require movants to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). At the August hearing, the Court agreed with Defendants that Plaintiff did not comply with Local Rule 7.1(a), among other deficiencies, and denied Plaintiff's third motion to compel on that ground. Doc. 148 at 2–3; Doc. 150 at 4. The Court finds denial of the motion, rather than striking it from the record, as sufficient to address these deficiencies. Indeed,

the text of the Local Rules directly contemplates denial as remedy for noncompliance in its provision that deficient motions "may be summarily denied." D.N.M.LR-Civ. 7.1(a).

B. Noncompliance with April 8, 2026, order.

Defendants also argue that Plaintiff's motion should be stricken because it violates the Court's prior April 8, 2026, discovery order. Doc. 110 at 4 (citing Doc. 69). In that order, the Court ordered Defendants to "produce for 'attorneys-eyes only' review, all non-privileged or non-sensitive responsive emails including their attachments in their native form with preserved metadata." Doc. 69 at 2–3 (footnote omitted). However, the Order restricted review of those native format emails to Plaintiff's counsel and required Plaintiff's counsel to "consult with defense counsel in a good faith effort to reach agreement to lift the designation by stipulation" or to "file an appropriate Motion seeking leave of Court to lift the designation for specified material." *Id.* at 2 n.1.

Defendants argue that Plaintiff violated this order by attaching "six native format emails as exhibits to her" motion. Doc. 110 at 8. Plaintiff concedes in her response brief that she did attach native emails as exhibits but argues that the Court should revisit its prior order to remove the "attorneys-eyes only" designation. Doc. 123-1 at 6–9. Plaintiff has filed objections to the April 8, 2026, order, and those objections are pending before the presiding judge. *See* Doc. 84.

"[A] magistrate judge's discovery ruling is not automatically stayed pending the Court's ruling on a party's Rule 72 objections." *Sanchez v. Brokop*, No. 2:04-cv-00134-LCS-RLP, 2005 WL 8163921, at *1 (D.N.M. Apr. 20, 2005); *see also* D.N.M.LR-Civ. 37.3 ("A party's duty to comply with a discovery order is not stayed by filing an appeal from or objection to the order, unless otherwise ordered."). The Court finds that Plaintiff did violate its April 8, 2026, order by attaching native format emails as exhibits to her motion. However, at the August 5, 2026,

hearing, counsel for Defendants stated that it would be satisfactory for the Court to seal the exhibits at issue. Doc. 148 at 4. The Court therefore will not strike Plaintiff's third motion to compel but will direct the Clerk of the Court to seal Documents 105-1, 105-2, 105-3, 105-4, 105-5, and 105-6 attached to Plaintiff's Third Motion to Compel.

### III. The Court will not order sanctions.

Defendants request an award of attorneys' fees and costs associated with their motion to strike and responding to Plaintiff's third motion to compel. Doc. 110 at 8–11. The Court already has permitted Defendants to file a motion for attorneys' fees incurred in responding to Plaintiff's Third Motion to Compel. Doc. 150 at 4. As the Court is denying the motion to strike, the Court declines to award costs incurred in filing that motion.[1]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Amended Motion for Leave to File Response Out of Time (Doc. 123) and DENIES Defendants' Motion to Strike Plaintiff's Third Motion to Compel and for Sanctions (Doc. 110). The Clerk of the Court is directed to seal Exhibits 1–6 of Plaintiff's Third Motion to Compel (Docs. 105-1, 105-2, 105-3, 105-4, 105-5, 105-6).

IT IS SO ORDERED.

Laura Fashing
United States Magistrate Judge

[1] Plaintiff asked at the hearing on August 5, 2026, whether she could file a sur-reply (or file a motion to file a sur-reply) to the Motion to Strike, and the Court told Plaintiff that it would order a sur-reply if necessary. Doc. 148 at 4. Because the Court is denying the Motion to Strike, a sur-reply is not necessary.