**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**CYNTHIA PEPE,**

**Plaintiff**

**v.** **No. 1:25-cv-00537-GJF-LF**

**NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS OF SANDIA, LLC, dba SANDIA NATIONAL LABORATORIES, and LILIANA SHELTON, in her official and individual capacities,**

**Defendants.**

# MEMORANDUM OPINION AND ORDER

This is an employment case in which Plaintiff Cynthia Pepe alleges that her employer, Defendant National Technology and Engineering Solutions of Sandia, LLC, dba Sandia National Laboratories ("Sandia"), and Defendant Liliana Shelton, violated the Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA"). On August 13, 2026, the Honorable Laura Fashing entered an Order (Dkt. No. 150), which as relevant here, denied Plaintiff's Third Motion to Compel Discovery (Dkt. No. 105). *See* Order 4, Dkt. No. 150. Plaintiff timely filed Objections to the Magistrate Judge's Order Denying Plaintiff's Third Motion to Compel (Doc. 150) (Dkt. No. 154) ("Objections"). Defendants oppose the Objections. Resp., Dkt. No. 156. Having considered the Objections, response, record, and relevant law, the Court concludes that the portions of the August 13, 2026, Order to which Plaintiff objected are neither clearly erroneous nor contrary to law, and accordingly, the Court will overrule Plaintiff's objections.

## I. BACKGROUND

On April 8, 2026, the Honorable Kirtan Khalsa entered an order granting Plaintiff's First Motion to Compel Discovery (Dkt. No. 49) in part "as to non-privileged emails and those for which

native form production [ ] does not implicate legitimate security concerns," with certain exceptions not relevant here. Order 2-3, Dkt. No. 69. She ordered Defendants to "produce for 'attorneys-eyes only' review, all non-privileged or non-sensitive responsive emails including their attachments in their native form with preserved metadata by no later than April 14, 2026." *Id.* (internal footnote omitted). The discovery deadline of April 10, 2026, and the discovery motions deadline of April 30, 2026, expressly remained in effect. *Id.* at 10.

Plaintiff deposed William Carlton Rhinehart on May 20, 2026. *See* Rhinehart Dep., Dkt. No. 154-2. At the deposition, Plaintiff's counsel asked Rhinehart about Sandia's Performance Improvement Policy and noted that Defendants did not produce the policy. *Id.* at 11:11-13:3. Plaintiff deposed Emily Doty on May 22, 2026, and asked her about Sandia's Memorandums of Understanding ("MOU") Policy. Doty Dep. 65:15-67:3, Dkt. No. 154-1.

On May 29, 2026, Plaintiff filed her Third Motion to Compel and for Sanctions. *See* Pl.'s Third Mot. to Compel and for Sanctions (hereinafter, "Third MTC"), Dkt. No. 105. Plaintiff sought under Federal Rules of Civil Procedure 37(b) and 37(c) the production of complete email chains and all responsive personnel policies, and to impose sanctions for the failure to produce the material. *Id.* at 1. According to Plaintiff, Defendants failed to produce the following emails: (1) a December 4, 2023, email Plaintiff sent to Defendant Shelton and Human Resources ("HR") with a Memorandum of Understanding ("MOU") attached; (2) HR Business Partner Teresa Ostrem's reply email sent on or around October 20, 2023; (3) Defendant Shelton's reply email sent on November 9, 2023, to Ostrem's email the same day; (4) May 25, 2023, email from Plaintiff; (4) Exhibits 5 and 6 performance emails forwarded on September 18, 2023 (hereinafter, the "September 18, 2023, emails"). *See id.* at 2-6. Additionally, Plaintiff sought the following personnel policies pursuant to Request for Production No. 5 ("RFP 5"), which requested all Sandia

personnel policies and procedures related to FMLA, ADA, employee evaluations, and employee discipline: (1) Policy 15, "Employee Performance Improvement Policy," the parent policy of 15.1, the "Performance Improvement Process"; (2) HR016, "Employee Counseling, Corrective or Disciplinary Action Policy"; (3) HR016.1, "Take Corrective or Disciplinary Action;" and (4) an MOU Policy. *Id.* at 7-8. The Third MTC noted that Plaintiff's counsel asked at the deposition of Emily Doty whether the MOU Policy had been produced, and Defendants never provided a response or supplemented their production. Third MTC 3-4, Dkt. No. 105. Plaintiff further sought production of "all documents from the FMLA administration and accommodations departments identified by Ms. Doty" and to "make available for deposition a representative from each such department identified by Ms. Doty." *Id.* at 9. Finally, she requested sanctions in the form of attorney's fees and costs in bringing the motion under Rules 37(c)(1) and 37(b)(2). *Id.* at 10-11.

On June 12, 2026, Defendants served a sixth supplemental production of documents. Certificate, Dkt. No. 112. The same day, Defendants filed a response opposing the Third MTC and requesting Plaintiff pay their reasonable expenses and attorneys' fees in opposing the motion under Rule 37(a)(5). Defs.' Resp. 1, Dkt. No. 111. As relevant here, Defendants argued: (i) Plaintiff did not confer or attempt to confer in good faith or file the requisite certification of good-faith conferral in violation of Rule 37(a)(1) and D.N.M. LR-Civ. 7.1(a); and (ii) Plaintiff filed the Third MTC almost a month after the discovery motion deadline in violation of the Court's April 8, 2026, Order. *Id.* at 2. Defendants insisted that the dispute could have been avoided had Plaintiff conferred. *Id.* at 2-3. Defendants pointed out that Plaintiff herself drafted the MOU, the email was in her sent account, and they would produce it. *Id.* at 4. As for the Shelton/Ostrem emails, Defendants said they were continuing to look for them and would produce them if they exist. *Id.* at 5. According to Defendants, they would produce the May 25, 2023, email authored by Plaintiff. *Id.* With respect

to the September 18, 2023, emails, they asserted they already produced one of the emails and would produce the other email, which they initially thought was a duplicate. *Id.* at 6. As for the policies, Defendants explained that they produced Policy 15 and Plaintiff failed to identify Policy 16 or 16.1 as not produced, but they have now produced them. *Id.* at 6-7. With respect to FMLA and accommodations witnesses, Defendants emphasized that they listed such witnesses in the Joint Status Report, yet Plaintiff failed to depose them and cannot now do so, given the Court's April 2026 Order. *Id.* at 7-8. In light of the foregoing, Defendants requested the Court deny attorney's fees and costs to Plaintiff, and instead, impose sanctions against Plaintiff under Rule 37(a)(5)(B). *Id.* at 8.

Plaintiff sought to file her reply in support of her Third MTC out of time and for leave to file excess page limits. *See* Pl.'s Mots. for Leave, Dkt. Nos. 124 & 125. After full briefing on the motions, Judge Fashing granted Plaintiff's request to file the reply. *See* Defs.' Resp., Dkt. No. 131; Pl.'s Reply, Dkt. No. 132; Order 2-3, Dkt. No. 150. In her reply, Plaintiff emphasized that Defendants conceded that emails were not produced that should have been; the production was incomplete; they improperly withheld duplicate documents; and the September 18, 2023, email production remains incomplete. *See* Pl.'s Reply 1-15, Dkt. No. 124-1. Plaintiff further noted that Defendants' response was silent as to the missing MOU policy. *Id.* at 15-16. She sought reconsideration of the Court's denial of the Rule 30(b)(6) deposition, arguing the Order was premised on a finding of completeness that the Third Motion to Compel revealed was false. *See id.* at 16-17.

On August 5, 2026, Judge Fashing held a hearing on the Third MTC, among others. Clerk's Minutes, Dkt. No. 148. At the hearing, Judge Fashing confirmed the production of three of the requested emails, but not the September 18, 2023, emails. *See id.* at 2-3. Judge Fashing ordered

Defendants to look for and produce emails from Rhinehart forwarding/copying/transferring the emails in Exhibits 5 and 6 to anyone else. *Id.* at 3. Judge Fashing noted that Plaintiff's motion to compel as to RFP 5, regarding personnel policies, was untimely. *Id.* Judge Fashing denied the motion to reconsider the ruling regarding Rule 30(b)(6) depositions, as it was pending before the undersigned at the time. Clerk's Minutes 3, Dkt. No. 148. As for sanctions arising from the Third MTC, she denied Plaintiff's request and allowed Defendants to file a motion for attorney's fees, but discounting fees related to Judge Khalsa's April 2026 Order. *Id.* On August 13, 2026, Judge Fashing entered a written Order (the "August 2026 Order"), reiterating and giving additional reasons for her oral rulings. *See* Order, Dkt. No. 150.

## II. LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure authorizes a party to object to a magistrate judge's non-dispositive order. "The [presiding] judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This rule finds its statutory foothold in 28 U.S.C. § 636(b)(1)(A), which empowers the presiding judge "to reconsider any [non-dispositive] pretrial matter . . .where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." To overturn a magistrate judge's decision as clearly erroneous, the presiding judge must have a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). With respect to the "contrary to law" standard, the presiding judge conducts a plenary review of the magistrate judge's legal determinations, nullifying the order only if it applied an incorrect legal standard. *See* Charles Alan Wright, et al., 12 FEDERAL PRACTICE & PROCEDURE § 3069 (3d ed. 2026 update). "In sum, it is extremely difficult to justify alteration of

the magistrate judge's non-dispositive actions by the [presiding] judge." *Id.*

## III. ANALYSIS

Plaintiff objects to the August 2026 Order because it treated the violation of the good-faith concurrence rules "as proof that the motion was wholly unjustified and as a basis for fees despite Plaintiff's asserted deposition efforts to identify missing documents, Defendants' supplementation and acknowledge of missing materials, and the Court's grant of targeted discovery relief." Obj. 1-2, Dkt. No. 154. For their part, Defendants contend that Judge Fashing's rulings were not clearly erroneous or contrary to law. For the reasons discussed herein, the Court agrees with Defendants.

### A. Court overrules Plaintiff's objections to Judge Fashing's ruling that Third MTC was untimely.

District of New Mexico Local Civil Rule 26.6 states that a party served with objections must file a motion to compel within 21 days of service of the objection or 21 days after production or inspection of the documents. D.N.M. Local Civ. R. 26.6. "Failure to proceed within this time period constitutes acceptance of the objection." *Id.* According to Plaintiff, the "enforcement portion of Plaintiff's motion did not ask the Court to overrule an initial discovery objection," and thus Local Rule 26.6 and its "stated consequence do not resolve a post-order enforcement request based on deficiencies discovered only after the ordered production." Obj. 5, Dkt. No. 154. Instead, Plaintiff argues that Rule 37(b)(2) applies to motions seeking to enforce a Court order and the non-deposition discovery motion deadline should not have been treated as dispositive of the request to enforce the April 2026 Order. *See id.* at 5-6.

Having considered the rules and the record, Judge Fashing did not clearly err in concluding that Plaintiff's Third MTC was untimely. Defendants produced documents in response to Judge Khalsa's Order on April 14, 2026. The discovery motions deadline was sixteen days later, on April 30, 2026. This Court imposed a deadline for discovery-related motions, and Plaintiff's Third MTC

is a discovery-related motion. Plaintiff offered no adequate reason why she could not comply with the April 30, 2026, deadline, even regarding the "enforcement portion" of her motion. There is no good cause for Plaintiff's delay in filing the Third MTC.

With respect to production of the personnel policies, Plaintiff asks "that the Court distinguish that issue from the later-discovered, post-order email-and-metadata enforcement dispute and consider whether supplementation and the production history supplied good cause for flexibility." Obj. 7, Dkt. No. 154. The Court finds no clear error in Judge Fashing's ruling that the Third MTC was untimely as to the RFP 5 production request. Nor does the Court find good cause for the delay.

For the foregoing reasons, the Court overrules Plaintiff's objections to Judge Fashing's rulings that Plaintiff's Third MTC was untimely.

**B. Court overrules Plaintiff's objections to Judge Fashing's ruling denying Third MTC based on failure to meet-and-confer and to include Rule 7.1(a) certification.**

According to Local Rule 7.1(a), a movant "must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. Local Civ. R. 7.1(a). *See also* Fed. R. Civ. P. 37(a)(1) (directing that motion for order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). Although Plaintiff acknowledges that she omitted in her Third MTC the concurrence recital required by D.N.M.LR-Civ. 7.1(a), she objects to treating that omission as proof that the motion was unjustified and not deserving of fees. Obj. 1-2, 8, Dkt. No. 154. Plaintiff argues that, because she brought her motion under Rule 37(b), not Rule 37(a)(1), denying the portion of the motion seeking enforcement of the April 2026 Order

under Rule 37(a)(1) applied the wrong federal standard. *Id.* at 8. She further insists that "the local-rule defect should not have been combined with an inapplicable Rule 37(a)(1) requirement and treated as establishing that the Rule 37(b) enforcement request was wholly unjustified." Pl.'s Obj. 8, Dkt. No. 154.

Plaintiff violated Local Rule 7.1(a) with no justifiable excuse. Local Rule 7.1(a) applies to motions of any type. Plaintiff nonetheless argues that she included in her Third MTC her efforts in depositions to request those missing documents, efforts which "are relevant both to the seriousness of the omission and to whether the motion was substantially justified." Obj. 9, Dkt. No. 154. Plaintiff's arguments are unavailing. Had Plaintiff conferred with defense counsel regarding her Third MTC, Defendants would have had an opportunity to cure the omissions and avoid the need for Plaintiff to file the motion as to issues about which there were no genuine disputes. As Judge Fashing pointed out, the meet-and-confer rule is designed to avoid wasting court resources on issues that can be resolved by the parties without court intervention. This round of motion practice provides a paradigmatic example of why Local Rule 7.1(a) exists at all. Consequently, that Plaintiff requested certain documents in the depositions did not excuse or remedy her failure to adhere to Local Rule 7.1(a).

For all the foregoing reasons, Judge Fashing's denial of Plaintiff's Third MTC for failing to meet-and-confer and for failing to include the requisite good-faith certification was not clearly erroneous.

**C. Court overrules Plaintiffs' objections to Judge Fashing's sanctions ruling.**

Plaintiff asserts that her motion was substantially justified. She highlights that (i) Defendants supplemented their production with additional policies and the previously unproduced MOU cover email; (ii) Defendants acknowledged that some of the identified items were missing;

and (iii) the Court ordered concrete relief as to the September 18, 2023, forwarded emails. Obj. 10-11, Dkt. No. 154. Plaintiff argues that, because Judge Fashing did not deny the Third MTC in full, the Court should reconsider the expense determination under the discretionary standard in Rule 37(a)(5)(C), the sanctions rule applicable when a motion is granted in part and denied in part. In doing so, Plaintiff urges the Court to forego awarding expenses to either party.

Judge Fashing denied Plaintiff's Third MTC, including her request for sanctions. In her written ruling, she cited Rule 37(a)(5)(B) as the basis for allowing Defendants to file a motion for reasonable expenses, discounting expenses incurred in responding to Plaintiff's request for full production of emails pursuant to the April 8, 2026, Order. *See* Order 4, Dkt. No. 150.

Rule 37(a)(5)(B) applies when the Court denies a motion to compel:

> If the motion is denied, the court … must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). When a motion is granted in part and denied in part, Rule 37(a)(5)(C) applies: "the court … may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Judge Fashing's sanctions rulings were not clearly erroneous. She appropriately exercised her discretion in apportioning the reasonable expenses for the motion. Even if Judge Fashing erred by not applying Rule 37(a)(5)(C), and the Court were to examine the issue *de novo*, the Court would not disturb her ruling. Judge Fashing denied the Third MTC for untimeliness, failure to meet-and-confer, and failure to include the requisite certification. Although she carved out a small, limited exception to the denial for the September 18, 2023, emails, she otherwise denied the motion. Good-faith conferral is not a mere technicality, as evident in this case, where it would have

avoided the unnecessary expenditure of resources by both the parties and the Court. For the foregoing reasons, Plaintiff's motion was not substantially justified, and the circumstances justify the award of fees, as apportioned. Accordingly, Judge Fashing's sanctions decision was not clearly erroneous, and the Court overrules Plaintiff's objections to the sanctions award.

**IT IS THEREFORE ORDERED** that Plaintiff's *Objections to the Magistrate Judge's Order Denying Plaintiff's Third Motion to Compel (Doc. 150)* (**Dkt. No. 154**) are all **OVERRULED** and Plaintiff's requests for relief are **DENIED**.

**SO ORDERED**.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
***Presiding by Consent***